**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley Lynn Grombacher, Esq. (SBN 245960)
2815 Townsgate Rd., Suite 130
Westlake Village, California 91361
Telephone:     (805) 270-7100
Facsimile:      (805) 270-7589
mbradley@bradleygrombacher.com
kgrombacher@ bradleygrombacher.com

**SETERAH LAW GROUP**
Shaun Setareh (SBN 204514)
9454 Wilshire Blvd. Suite 907
Beverly Hills, California 90212
Telephone (310) 888-7771
Facsimile (310) 888-0109
shaun@setarehlaw.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| ABRAHAM HAKIMI, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SOCIÉTÉ AIR FRANCE, S.A.; AIR FRANCE KLM and DOES 1 through 10, inclusive,<br><br>Defendants. | **CASE NO.:**<br><br>**CLASS ACTION**<br><br>**CLASS ACTION COMPLAINT**<br><br>**1. Breach of Self-Imposed Undertaking**<br>**2. Breach of Contract (Express)**<br>**3. Breach of Contract (Implied)**<br>**4. Breach of Contract (Federal Law)**<br>**5. Breach of the Implied Covenant of Good Faith and Fair Dealing**<br>**6. Unjust Enrichment**<br><br>**DEMAND FOR JURY TRIAL** |
| --- | --- |

Plaintiff Abraham Hakimi (hereinafter "Plaintiff"), on behalf of himself and all others similarly situated, hereby files this Complaint against Société Air France, S.A.; and Air France KLM and DOES 1 through 10, inclusive (hereinafter collectively referred to as "Defendants"). All allegations in this class action complaint are based upon information and belief, except for those allegations that pertain to the Plaintiff named herein and his counsel. Plaintiff's information and belief, *inter alia*, are based upon the investigation conducted to date by Plaintiff and his counsel. Each allegation either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further

1

Class Action Complaint

investigation and discovery.  Plaintiff is informed and believes, and on the basis of that information and belief alleges, as follows:

1.      This is a consumer class action for, *inter alia*, breach of self-imposed undertaking, breach of contract (express and implied), unjust enrichment, and misrepresentation, all arising out of Defendants' failure to provide premium economy seats as contracted. Plaintiff brings this action in his own right and on behalf of a nationwide class and subclass of all others similarly situated.

## JURISDICTION AND VENUE

2.      Jurisdiction is proper in this Court under 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act of 2005. In addition, under 28 U.S.C. § 1367, this Court may exercise supplemental jurisdiction over any state law claims because all of the claims are derived from a common nucleus of operative facts and are such that Plaintiff ordinarily would expect to try them in one judicial proceeding.

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(c) because the Defendants transact substantial business within, and are subject to personal jurisdiction in, this judicial district.

## PARTIES

4.      Plaintiff is a resident of Los Angeles County, California.

5.      Defendant Société Air France, S.A., is a corporate entity duly organized and existing under the laws of France, with its principal place of business in Tremblay in France. Defendant Société Air France, S.A., has agreed to accept service at 125 West 55th Street, New York, New York 10019. Air France is a common carrier that regularly operates international passenger flights to and from the United States, including the State of California.

6.      Defendant Air France-KLM Group ADS is a foreign corporation organized under the laws of France and headquartered at 45, rue de Paris, 95747 Roissy-CDG Cedex, France, with a primary United States office at 125 West 55th Street, 2nd Floor, New York, New York 10019. Air France-KLM conducts airfreight shipping throughout the world, including into the United States and this District.

7.      Plaintiff is unaware of the true names or capacities of the Defendants sued herein under

2

Class Action Complaint

the fictitious names DOES 1 through 10 but will seek leave of this Court to amend the complaint and serve such fictitiously named Defendants once their names and capacities become known.

8.    Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or are attributable to Defendants, each acting as the agent, employee, alter ego, and/or joint venturer of, or working in concert with, each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity with legal authority to act on the others' behalf.  The acts of any and all Defendants represent and were in accordance with Defendants' official policy.

9.    At all relevant times, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

10.    Plaintiff is informed and believes, and thereon alleges, that each of the said Defendants are in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

**GENERAL ALLEGATIONS**

**A.  Facts Regarding Air France**

11.    Air France is a French Airline Operating from hubs at Paris-Charles de Gaulle Airport (CDG) and Paris Orly Airport (ORY), the airline flies to more than 200 destinations. This includes about 35 domestic airports and more than 90 countries in Europe, Africa, Asia, the Middle East, North America and South America. A member of the SkyTeam alliance, Air France also has codeshare agreements with about 30 other airlines. Its fleet of 234 passenger aircraft consists of both Airbus and Boeing planes with a variety of cabin configurations. Although cabin classes vary by route and plane, the airline offers First Class, Business Class, Premium Economy Class and Economy Class cabins.

12.    The "Premium Economy Class" cabin is available on intercontinental flights.

**B.  Air France Represents that The "Premium Economy Seat Provides 40% More Space" Than the Economy Cabin Seat**

13.    At all times relevant to the matters alleged in this Complaint, Defendants have made,

3

Class Action Complaint

and continue to make misrepresentations and/or omissions regarding the sizing of their seats in the "Premium Economy" cabin which have become part of the contract between Plaintiff and the members of the classes on one hand, and Defendants on the other. Specifically, Defendants represent, guarantee, and contract that the seating the "Premium Economy" cabin provide 40% more space than the economy cabin.

14. Defendants promise "[e]quipped with a large and relaxing seat, the Premium Economy seat gives you 40% more space compared to the Economy cabin as well as multiple storage areas.[1]"

15. Defendants boast, "Since 2009, the Premium Economy cabin has been offering customers a new more comfortable way of travelling for business or pleasure at affordable prices, in a separate cabin. The seat offers 40% more space than Economy Class and has won over, close to, 2.5



million customers since its launch[2]."

The Air France website provides photos of the Premium Economy Cabin

[1]
https://www.airfrance.us/US/en/common/guideeconomy/classeetconfort/premium_economy_a_bord.htm (last viewed January 2, 2018).
[2] https://www.airfrance.fr/common/image/pdf/en/montee_en_gamme_eco_premium_eco_en.pdf (last viewed January 2, 2018)

4





16.    In fact, the "Premium Economy" seating does not provide 40% more space than the economy cabin.

17.    The seat pitch for Defendants' "Economy" class is 32 inches while the seat pitch Premium Economy seat is merely 38 inches.  The width of the economy seat is 17 inches while the Premium Economy seat is only two (2) inches more.

18.    Indeed, a number of customers have complained about the size of the seats.

Class Action Complaint



**102. Re: Air France Premium Economy Review**
Mar 21, 2014, 8:42 AM

Julie P
Ho Chi Minh City...

Level 3 Contributor

4 posts

10 reviews

I completely agree on the comments concerning the seats in PE. What were they thinking???? We currently live in Asia and it's a long 12 hour night flight to Paris. Fortunately, I've only once not managed to upgrade to BC with miles. That was the most uncomfortable flight I've ever had. I was tired but so uncomfortable it was impossible to sleep. As others have noted, the footrest hits you on the back of your calves and the seat doesn't recline. My children have had the misfortune to have done the France-Asia-France flights several times in PE and have actually asked to travel in Eco, that's how bad it is. I too have written in and I seriously hope they change these seats. The only reason worth booking them as far as I'm concerned is to have the possibility to upgrade into Business. Otherwise I wouldn't bother as I already have access to the Sky Priority checkin and the lounge via my Flying Blue card level.

Reply                    Report inappropriate content

Save Reply

**103. Re: Air France Premium Economy Review**
Apr 17, 2017, 4:43 PM

Carolin L
Victoria,BC

Level 5 Contributor

15 posts

52 reviews

Premium economy seats are Torture, they do not recline and have far less padding than economy seats. Pay the extra $$ for extra leg room in economy, first row or emergency.

Reply                    Report inappropriate content

Save Reply

**105. Re: Air France Premium Economy Review**
Apr 28, 2017, 4:48 PM

sparkacigar
Illinois City...

Level 3 Contributor

1 post

11 reviews

I spent 9 hours in this seat on both trips across the Atlantic from Chicago to Paris and back.

I can only hope that someday the people who designed and chose to install this seat are forced to endure the torture of sitting in it for as long as I did.

If prisoners of war were transported in these seats the Geneva convention would need to be notified of the inhumane treatment.

I will NEVER purchase a ticket in AF premium economy again

Reply                    Report inappropriate content

Save Reply

6

Class Action Complaint

111. **Re: Air France Premium Economy Review**
Sep 17, 2017, 12:56 PM

Wager5
Paris, France

1 post

Just flew SFO to CDG AF Premium Economy and I will never do that again. The seats as mentioned by many are a fixed recline, foot support recliner doesn't extent to far and hardly any padding in seats. The food was horrible, inedible I recommend eating prior to flight. I can usually sleep on long flights but there was no position of comfort, I'm not looking forward to my return flight . I have never flown AF before and doubt I will again, in AF advertisements for Premium Econ they mentioned access to AF Lounge and was tuned away ,informed for business and first class only

Edited: 12:58 pm, September 17, 2017

♡ Save Reply

Reply                    Report inappropriate content

119. **Re: Air France Premium Economy Review**
Nov 23, 2017, 8:58 AM

Christopher Z
Boston...

6 posts

KennyRoss,

I'm actually dead serious when I maintain the AF coach seat I had from Budapest to Paris was more comfortable. I don't see myself as the complainer type, have flown over 200 times, and only occasionally do I upgrade, so my expectations were not particularly high. My claim may seem like an obvious exaggeration, but it isn't. I literally found it 100% impossible to get the seat comfortable. My leg rest kept popping up, and the design of my seat meant that I could not sit upright, and in the recline mode, the seat back did not recline, the entire seat moves as a single unit. I was so appalled by the inability to get comfortable for 7 hours, I without hesitation called it like its was: a torture board [edit]: (yes, a hyperbolic metaphor not to be taken literally.)

Now, it's been 4 years since I took the flight, and maybe not all AF PEs are the same. But I cannot emphasize enough how I wanted to like this product. I'm glad you had a nice trip. I did not. Maybe the seats are different today. But it's very unlikely all the negativity in this thread is due to the princess-and-the-pea factor. If this were a bunch of New Yorkers going to Florida for the winter, then maybe that would make some sense!

I sincerely hope the reason you had a comfortable seat is because AF has changed the design.

cheers

Edited: 9:02 am, November 23, 2017

♡ Save Reply

Reply                    Report inappropriate content

19.    At all relevant times, Defendants knew, or reasonably should have known, that the seats in the "Premium Economy Cabin" did not provide 40% more space to the customer than those in the "Economy" cabin.

20.    Defendants' decision to contract to provide 40% more space to customers purchasing

7

Class Action Complaint

"Premium Economy" seating as compared to seats in the economy cabin was entire a voluntary undertaking.

21. The experiences and complaints of Plaintiff, and Defendants' acknowledgement of these complaints, show that Defendants were well aware of their breach. But despite this knowledge, Defendants have failed to implement any changes to cure and/or mitigate the breach.

## C. Facts Relating to Plaintiff

22. On or about June of 2014, Plaintiff purchased an airline ticket on Air France in the Premium Economy Cabin for travel from Paris to Los Angeles. Plaintiff paid additional monies to receive a seat that provided 40% more space than the economy seating and which reclined.

23. In purchasing the ticket, Plaintiff relied upon Defendants offer to provide 40% more space than the economy cabin and to provide a reclining seat. Such terms became the basis of the parties' bargain.

24. Plaintiff performed all conditions, covenants, and promises required to be performed on their part in accordance with the terms and conditions of the contract, except to the extent such performance was excused, released or waived by the actions, conduct or agreement of Defendant.

25. Plaintiff paid the upgraded purchase price and presented himself for carriage on the date of departure.

## CLASS ACTION ALLEGATIONS

26. Plaintiff brings this action individually and on behalf of all other persons similarly situated. The classes that Plaintiff seeks to represent comprise of:

**California Class**

All persons in California who purchased a ticket for travel from Defendants with a seat in the "Premium Economy" cabin from March 2, 2014 until the date of judgment in this action. Specifically excluded from this Class are Defendants; the officers, directors, or employees of Defendants; any entity in which Defendants have a controlling interest; and any affiliate, legal representative, heir, or assign of Defendants (California Class). Also excluded are those who assert claims for personal injury as well as any federal, state, or

8

Class Action Complaint

local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action (the "California Class")

**National Class**

All persons in the United States who purchased who purchased a ticket for travel from Defendants with a seat in the "Premium Economy" cabin from March 2, 2014, until the date of judgment in this action.  Specifically excluded from this Class are Defendants; the officers, directors, or employees of Defendants; any entity in which Defendants have a controlling interest; and any affiliate, legal representative, heir, or assign of Defendants ("National Class"). Also excluded are those who assert claims for personal injury as well as any federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

27.    The California Class and the National Class shall be collectively referred to as the "Classes."

28.    Plaintiff reserves the right to redefine the Classes and to add additional subclasses as appropriate based on further investigation, discovery, and specific theories of liability.

29.    While the exact number of members of the Classes are unknown to Plaintiff at this time and can only be determined by appropriate discovery, membership in the Classes are ascertainable based upon the billing records maintained by Defendants and by the data submitted to and compiled by the U.S. Department of Transportation. The Classes are sufficiently numerous, as each includes thousands of persons who have purchased tickets in Defendants' Premium Economy Cabin.  Thus, joinder of such persons in a single action or bringing all members of the Classes before the Court is impracticable for purposes of Federal Rules of Civil Procedure, Rule 23(a)(1).  The question is one of a general or common interest of many persons and it is impractical to bring them all before the Court. The disposition of the claims of the members of the Classes in this class action will substantially benefit both the parties and the Court.

Class Action Complaint

30.    There are questions of law and fact common to each Class for purposes of Federal Rules of Civil Procedure, Rule 23(a)(2), including whether the seats in the "Premium Economy" cabin provide 40% more space than those in the "Economy" cabin and whether the seats in the "Premium Economy" cabin recline as advertised.  The members of each Class were and are similarly affected by having purchased tickets for seats in "Premium Economy" and the relief sought herein is for the benefit of Plaintiff and other members of the Classes.  Thus, there is a well-defined community of interest in the questions of law and fact involved in this action and affecting the parties.

31.    Plaintiff asserts claims that are typical of the claims of each respective Class for purposes of Federal Rules of Civil Procedure, Rule 23(a)(3).  Plaintiff and all members of each respective Class have been subjected to the same wrongful conduct because they have purchased tickets in "Premium Economy" and Defendants breached their contracts with Plaintiff and the members of the Classes by failing to provide the seats as offered.  Plaintiff and the members of each Class are entitled to refunds in the amount of the upgraded ticket price.

32.    Plaintiff will fairly and adequately represent and protect the interests of the other members of each respective Class for purposes of Federal Rules of Civil Procedure, Rule 23(a)(4).  Plaintiff has no interests antagonistic to those of other members of each respective Class.  Plaintiff is committed to the vigorous prosecution of this action and has retained counsel experienced in litigation of this nature to represent him.  Plaintiff anticipates no difficulty in the management of this litigation as a class action.

33.    Class certification is appropriate under Federal Rules of Civil Procedure, Rule 23(b)(2) because Defendants have acted on grounds that apply generally to each Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting each Class as a whole.

34.    Class certification is appropriate under Federal Rules of Civil Procedure, Rule 23(b)(3) because common questions of law and fact substantially predominate over any questions that may affect only individual members of each Class.  Among these common questions of law and fact are:

   a.    whether Defendants breached a self-imposed duty to provide reclining seats to consumers purchasing tickets in their "Premium Economy" cabin;

   b.    whether Defendants breached a self-imposed duty to provide seats which provided

10

Class Action Complaint

consumers in the "Premium Economy" cabin with 40% more space than those in the "Economy" cabin;

    c. whether Defendants breached their agreement(s) with passengers who paid increased fees for "Premium Economy seats in order to receive reclining seats with 40% more space than those in the "Economy Cabin"; and

    d. whether Defendants were unjustly enriched by their conduct.

35. Defendants engaged in a common course of conduct giving rise to the legal rights sought to be enforced by the members of each respective Class. Similar or identical statutory and common law violations and deceptive business practices are involved. Individual questions, if any, pale by comparison to the numerous common questions that predominate.

36. The injuries sustained by Plaintiff and the members of each Class flow, in each instance, from a common nucleus of operative facts – Defendants' misconduct.

37. Plaintiff and the members of each Class have been damaged by Defendants' misconduct. The members of each Class performed their duties under the contract, however, Defendants breached their voluntary duties under the contracts by failing to provide seats with qualities and characteristics which Plaintiff and the Classes contracted to receive.

38. Plaintiff will fairly and adequately represent and protect the interests of the Class and Subclass as required by Federal Rules of Civil Procedure, Rule 23(a)(4). Plaintiff is an adequate representative of the Class and Subclass because he has no interests that are averse to the interests of the other Class Members. Plaintiff is committed to the vigorous prosecution of this action and, to that end, Plaintiff has retained counsel who are competent and experienced in handling class action litigation on behalf of consumers.

39. Proceeding as a class action provides substantial benefits to both the parties and the Court because this is the most efficient method for the fair and efficient adjudication of the controversy. Members of each Class have suffered and will suffer irreparable harm and damages as a result of Defendants' wrongful conduct. Because of the nature of the individual claims of the members of each Class, few, if any, could or would otherwise afford to seek legal redress against Defendants for the wrongs complained of herein, and a representative class action is therefore the appropriate,

11

Class Action Complaint

superior method of proceeding and essential to the interests of justice insofar as the resolution of claims of the members of each Class is concerned.  Absent a representative class action, members of each Class would continue to suffer losses for which they would have no remedy, and Defendants would unjustly retain the proceeds of its ill-gotten gains.  Even if separate actions could be brought by individual members of each Class, the resulting multiplicity of lawsuits would cause undue hardship, burden, and expense for the Court and the litigants, as well as create a risk of inconsistent rulings, which might be dispositive of the interests of the other members of each Class who are not parties to the adjudications and/or may substantially impede their ability to protect their interests.

40.    In the alternative, this action is certifiable under the provisions of Federal Rules of Civil Procedure, Rules 23(b)(1) and/or 23(b)(2) because:

    a.    The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members that would establish incompatible standards of conduct for Defendant;

    b.    The prosecution of separate actions by individual Class Members would create a risk of adjudications as to them that would, as a practical matter, be dispositive of the interests of the other class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and,

    c.    Defendants have acted or refused to act on grounds generally applicable to the Class and Subclass, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Classes as a whole thereby necessitating that any such relief be extended to the Class Members on a mandatory, class wide basis.

41.    Plaintiff is aware of no difficulty that will be encountered in the management of this litigation that should preclude its maintenance as a class action.

42.    The names and addresses of the members of the California Class and the National Class are available from Defendant's records. Notice can be provided to the members of the California Class and the National Class via first class mail or otherwise using techniques and a form of notice similar to those customarily used in consumer class actions arising under California state law and federal law.

12

Class Action Complaint

## FIRST CAUSE OF ACTION

### Breach of Self-Imposed Undertaking

43.    Plaintiff repeats and realleges the allegations set forth above and incorporates the same as if set forth herein at length.

44.    Defendants created a self-imposed duty to, in exchange for the enhanced fees paid by their customers, deliver seats in their "Premium Economy" cabin that: (1) provided 40% more space than in the "Economy" cabin; and (2) reclined. Defendants' self-imposed undertaking is independently evidenced by both their words and their conduct.

45.    When Defendants undertook the duty to provide seats that: (1) provided 40% more space than seats in the "Economy" cabin; and (2) that reclined, in exchange for a fee and failed to do so, but retained the fee, Defendants breached their self-imposed undertaking.  As a consequence of such breach, Defendants were obligated to timely refund the upgraded costs paid by Plaintiff and the members of the Classes for the premium seat.

## SECOND CAUSE OF ACTION

### Breach of Express Contract

46.    Plaintiff repeats and realleges the allegations set forth in the paragraphs 1-45 and incorporates the same as if set forth herein at length.

47.    Plaintiff and Class Members and Defendants entered into an express contract under which Defendants agreed to furnish Plaintiff and the members of the class with a seat that provided 40% more pace than a seat in the economy cabin; this was a material term of the express contract. Plaintiff and the Class Members agreed to pay and did pay a premium fee to Defendants for such a seat in the "Premium Economy" cabin.

48.    Plaintiff and each member of the Class are parties to contracts with Defendants that are uniform with respect to the provisions applicable to the claims asserted against Defendants.

49.    Plaintiff and the members of the Classes have performed all conditions, covenants, and promises required to be performed on their part in accordance with the terms and conditions of the contract, except to the extent such performance was excused, released or waived by the actions, conduct or agreement of Defendants.

13

Class Action Complaint

50.    Defendants breached their contractual obligations under the contracts with Plaintiff and each member of the Classes by failing to timely deliver "Premium Economy" seating that provided 40% more space than "Economy" cabin seating. In addition, such failure constitutes a failure of consideration.

51.    As a direct and proximate result of Defendants' failure to timely deliver "Premium Economy" seating that provided 40% more space than "Economy" cabin seating, Plaintiff and each member of the Class are entitled to a return of the consideration that they paid Defendants, in the form of the premium monies paid for the "Premium Economy" seating.

## THIRD CAUSE OF ACTION

### Breach of Implied Contract

52.    Plaintiff repeats and realleges all the allegations of paragraphs 1-42 and incorporates the same as if set forth herein at length, and expressly pleads this Claim in the alternative to their Breach of Express Contract Claim.

53.    Contracts may be made by a writing, orally, or by the conduct of the parties, or by a combination of any of the aforementioned. Each such contract is equally valid and enforceable, with the chief difference between them the manner of proof of the terms of the contract. Plaintiff and the Class Members on one hand and Defendants on the other hand entered into a contract that was partly written and partly implied by conduct, under which Defendants agreed to furnish consumers with "Premium Economy" seating that provided 40% more space than "Economy" cabin seating; this was a material term of the express contract. Plaintiff and the Class Members agreed to pay and did pay a premium fee to Defendants in exchange.

54.    The express terms were the payment of a specific fee by Plaintiff and the Class Members in exchange for provision of "Premium Economy" seating that provided 40% more space than "Economy" cabin seating. The implied terms of the contract were that Defendants and Plaintiff and the Class Members agreed that Defendants would provide to Plaintiff and the Class Members' a seat or seats in the "Premium Economy" cabin that provided 40% more space than "Economy" cabin seating.

14

Class Action Complaint

55.    Plaintiffs and Class Members demonstrated their clear intent and understanding that they would be provided "Premium Economy" seating that provided 40% more space than "Economy" cabin seating by their conduct when they either:

(1) arrived at the airport, identified themselves and their flight itinerary including the "Premium Economy" class ticket to Defendants at the time of check-in (either via a human representative or by way of first an airline check-in Kiosk and then a human representative); or

(2) paid the additional "Premium Economy" seating fee at the time that they purchased their ticket online or through a ticket/travel agency.

62. Defendants demonstrated its clear intent and understanding that the seats it provided to Plaintiff and the Members of the Classes were to have 40% more space than the seats in "Economy" cabin when they:

(1) made the offer to furnish such seating to consumers at the time that they purchased their tickets or when the passenger arrived at the airport to travel with luggage in hand;

(2) accepted their enhanced fees;

(3) accepted the passenger's seat and cabin request;

(4) flew that customers' flight; or

(5) failed to inform their passengers that it was not agreeing to provide seats with 40% more space than in "Economy" class.

56.    Plaintiff and each member of the Class are parties to these contracts with Defendants that are uniform with respect to the provisions applicable to the claims asserted against Defendants. Plaintiff and each member of the Classes are parties to these contracts.

57.    Plaintiff and the members of the Classes have performed all conditions, covenants, and promises required to be performed on their part in accordance with the terms and conditions of the baggage fee contract, except to the extent such performance was excused, released or waived by the actions, conduct or agreement of Defendants.

58.     Defendant breached its contractual obligations under these contracts and with Plaintiff and each member of the Classes by failing provide seating that had 40% more space than the seating in "Economy" class. In addition, such failure constitutes a failure of consideration.

59.     As a direct and proximate result of Defendants' failure to provide seating that had 40% more space than the seating in "Economy" class, Plaintiff and each member of the Classes are entitled to a return of the consideration that they paid Defendants in the form of the enhanced ticket fees.

## FOURTH CAUSE OF ACTION

### Breach of Contract- Federal Common Law

60.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 to 59, and incorporates the same as if set forth herein at length.

61.     Federal common law recognizes a breach of contract between contracting parties Plaintiff and Class Members and Defendants entered into a uniform express contract as alleged in paragraphs 46-51 or in the alternative a uniform express and implied contract as alleged in paragraphs 52-59, under either of which Defendants agreed to provide seating that had 40% more space than the seating in "Economy" class; this was a material term of the contract. Plaintiff and the Class Members agreed to pay an enhanced ticket fee to Defendants in exchange for the extra space.

62.     Plaintiff and the members of the Classes have performed all conditions, covenants, and promises required to be performed on their part in accordance with the terms and conditions of the contract, except to the extent such performance was excused, released or waived by the actions, conduct or agreement of Defendants.

63.     Defendants breached their contractual obligations under these contracts with Plaintiff and each member of the Classes by failing to provide seating that had 40% more space than the seating in "Economy" class.  In addition, such failure constitutes a failure of consideration.

64.     As a direct and proximate result of Defendants' failure to timely deliver their baggage, Plaintiff and each member of the Classes are entitled to a return of the consideration that they paid Defendants, in the form of the enhanced ticket price paid for the premium seat.

16

Class Action Complaint

## FIFTH CAUSE OF ACTION

### Breach of the Covenant of Good Faith and Fair Dealing

65.     Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs 1 to 64, and incorporates the same as if set forth herein at length.

66.     Implied in every contract is the covenant of good faith and fair dealing, which will be enforced if they do not contradict the express rights of the parties. Plaintiff and Class Members entered into a uniform express contract as alleged in paragraphs 46-51 or in the alternative a uniform express and implied contract as alleged in paragraphs 52-59, under either of which Defendants agreed provide seating to Plaintiff and the members of the Classes that had 40% more space than the seating in "Economy" class; this was a material term of the contract. Plaintiff and the Class Members agreed to pay and did an enhanced fee to Defendants for such seating.

67.     Here, under the implied covenant, Defendants were obligated to refund the enhanced fee if they did not provide seating to Plaintiff and the members of the Classes that had 40% more space than the seating in "Economy" class.

68.     Plaintiff and the members of the Classes have performed all conditions, covenants, and promises required to be performed on their part in accordance with the terms and conditions of the baggage fee contract, except to the extent such performance was excused, released or waived by the actions, conduct or agreement of Defendants.

69.     By failing to refund the enhanced ticketing fee, Defendants breached the covenant of good faith and fair dealing under both state and federal common law.

70.     Defendants failed to refund the enhanced fee to Plaintiff and each member of the Classes, despite having failed to provide seating to Plaintiff and the members of the Classes that had 40% more space than the seating in "Economy" class. By failing to refund the enhanced fees, Defendants breached the covenant of good faith and fair dealing.

71.     As a direct and proximate result of Defendants' failure to provide seating to Plaintiff and the members of the Classes that had 40% more space than the seating in "Economy" class, Plaintiff and each member of the Classes are entitled to a return of the consideration that they paid Defendants, in the form of their enhanced fees.

17

Class Action Complaint

## SIXTH CAUSE OF ACTION

### Unjust Enrichment

72.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 to 42, above, and incorporates the same as if set forth herein at length, pleading this Claim in the alternative to Plaintiff and the Class Members' breach of contract Claims, and will not seek to recover upon this Claim in the event they recovery on any contract Claim

73.    Plaintiff brings this claim individually, as well as on behalf of members of the Nationwide Class and California Class pursuant California law.   Although there are numerous permutations of the elements of the unjust enrichment cause of action in the various states, there are few real differences.  In all states, the focus of an unjust enrichment claim is whether the defendant was unjustly enriched.  At the core of each state's law are two fundamental elements – the defendant received a benefit from the plaintiff and it would be inequitable for the defendant to retain that benefit without compensating the plaintiff.  The focus of the inquiry is the same in each state.  Since there is no material conflict relating to the elements of unjust enrichment between the different jurisdictions from which class members will be drawn, California law applies to the claims of the Class.

74.    In the alternative, Plaintiff brings this claim individually as well as on behalf of the California Class.

75.    Plaintiff and each member of the Class conferred a benefit upon Defendant when they paid the enhanced fees. Defendants acknowledged receipt of the benefit when it accepted the enhanced fees.

76.    By accepting the enhanced fees, Defendants were enriched and their revenue increased, as was Defendants' intention. By accepting the enhanced fees from customers, Defendants were obligated to provide seating to Plaintiff and the members of the Classes that had 40% more space than the seating in "Economy" class. This obligation was self-imposed by Defendants.

77.    Defendants accepted or retained the non-gratuitous benefits conferred by Plaintiff and members of the Classes, with full knowledge and awareness that, Plaintiff and members of the Classes were not receiving a product of the quality, nature, fitness, or value that had been offered, promised and contracted for by Defendants.

18

Class Action Complaint

78. Retaining the non-gratuitous benefits conferred upon Defendants by Plaintiff and members of the Classes under these circumstances made Defendants' retention of the non-gratuitous benefits unjust and inequitable. Thus, Defendants must pay restitution to Plaintiff and members of the Classes for their unjust enrichment, as ordered by the Court in an amount to be determined according to proof at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment and relief against Defendants as follows (cause of action number three is excluded from the below to the extent the remedy includes monetary damages):

a. That the Court certify the nationwide Class and the California Class under Federal Rules of Civil Procedure, Rule 23 and appoint Plaintiff as Class Representative and his attorneys as Class Counsel to represent the members of the Classes;

b. That the Court declare that Defendants' conduct violates the statutes referenced herein;

c. That the Court preliminarily and permanently enjoin Defendants from conducting their business through the unlawful, unfair, or fraudulent business acts or practices, untrue, and misleading labeling and marketing and other violations of law described in this Complaint;

d. That the Court order Defendants to pay restitution to restore to all affected persons all funds acquired by means of any breach of contract;

e. Order Defendant to make an accounting of profits and/or expenses saved by their unlawful practices and to provide full restitution to Plaintiff and each member of the Class;

f. For a declaration that Defendant is financially responsible for notifying all Class members about this litigation;

g. For attorney's fees as provided by law;

h. that the Court grant such other and further relief as may be just and proper; and

19

Class Action Complaint

i.      For leave to amend these pleadings to conform to the evidence adduced during discovery and/or presented at trial.

DATED:   March 2, 2018                          **BRADLEY/GROMBACHER, LLP**


                                                By**:**  /S/   Kiley Lynn Grombacher
                                                         Marcus J. Bradley, Esq.
                                                         Kiley Lynn Grombacher, Esq.
                                                         Attorneys for Plaintiff

**JURY DEMAND**

Plaintiff demands a trial by jury on all causes of action so triable.

DATED:   March 2, 2018                          **BRADLEY/GROMBACHER, LLP**


                                                By**:**  /S/   Kiley Lynn Grombacher
                                                         Marcus J. Bradley, Esq.
                                                         Kiley Lynn Grombacher, Esq.
                                                         Attorneys for Plaintiff

20

Class Action Complaint