UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAHAM HAKIMI,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SOCIETE AIR FRANCE, S.A., et al.,<br><br>　　　　　Defendants. | Case No. 18-cv-01387-JSC<br><br>**ORDER RE: DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE**<br><br>Re: Dkt. No. 20 |

Plaintiff Abraham Hakimi alleges that Société Air France, S.A. and Air France KLM (collectively "Defendants") breached contracts with airline passengers and were unjustly enriched when they accepted payment for "Premium Economy" seats on Air France flights while failing to provide "40% more space" as promised. Defendants' motion to dismiss is now pending before the Court.[1] (Dkt. No. 20.[2]) Having considered the parties' briefs and having had the benefit of oral argument on September 20, 2018, the Court GRANTS Defendants' motion to dismiss with prejudice. All of the claims are time-barred, and the unjust enrichment claim is also pre-empted by federal law.

**BACKGROUND**

**A.　Complaint Allegations**

Plaintiff purchased a ticket in or about June 2014 for a "Premium Economy" seat on Air France flights. The contract for the "Premium Economy" seats included a promise that the seats would provide "40% more space" than economy seats. Despite this promise, the "Premium

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 6 & 13.)
[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

Economy" seats do not have "40% more space" than economy seats. Putative class members include anyone who purchased tickets for "Premium Economy" seats since March 2, 2014.

**B.      Procedural Background**

On March 2, 2018, Plaintiff filed the Complaint bringing claims based on Defendants' failure to fulfill their promise that "Premium Economy" seats on Air France flights have "40% more space." Plaintiff brings causes of action for: (1) breach of self-imposed undertaking; (2) breach of express contract; (3) breach of implied contract; (4) breach of contract under federal common law; (5) breach of the covenant of good faith and fair dealing; and (6) unjust enrichment.

Defendants move to dismiss the entire complaint. (Dkt. No. 20.) Defendants first argue that Plaintiff's claims are actually false advertising or unfair competition claims. Defendants further contend that: (1) all claims are pre-empted by the Airline Deregulation Act ("ADA"), 49 U.S.C. §§ 1371, *et seq.*; (2) all claims are barred by a contractual two-year limitation; (3) claims 1 and 4 are not valid causes of action; and (4) claims 2, 5, and 6 are insufficiently pleaded.

Plaintiff does not oppose dismissal of breach of self-imposed undertaking (claim 1), breach of contract under federal common law (claim 4), and breach of the covenant of good faith and fair dealing (claim 5). As to the remaining claims, Plaintiff opposes dismissal on the grounds that: (1) the contract-based claims and unjust enrichment claim are not pre-empted by the ADA; (2) the breach of express contract and unjust enrichment claims are sufficiently pleaded under Fed. R. Civ. Proc. 8; (3) Defendants cannot bring a statute of limitations defense in a motion to dismiss; and (4) the claims were timely filed.

**LEGAL STANDARD**

A Rule 12(b)(6) motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St.*

*Paul Fire & Mar. Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

"[D]ismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotation marks and citations omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law"). The court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663-64.

**DISCUSSION**

Only three claims remain in dispute: breach of express contract (claim 2), breach of implied contract (claim 3), and unjust enrichment (claim 6). The ADA pre-empts the unjust enrichment claim because the remedy is a state-imposed obligation without regard to the intent of the parties. However, all three claims are also time-barred. Because the statute of limitations issue resolves all of the claims at issue, the Court does not need to address whether the claims are sufficiently pleaded or whether the contract claims should be characterized as advertising claims and are therefore also pre-empted.

**A.     All of Plaintiff's Claims are Time-Barred**

Plaintiff alleges that he purchased a "Premium Economy" ticket on or about June 2014. (Complaint ¶ 22.) Plaintiff also alleges that the promise of "40% more space" than economy seats became a part of the parties' bargain, and that the contract was "partly written and partly implied by conduct." (*Id.* at ¶¶ 23 & 53.) Defendants' motion to dismiss attaches Air France's General Conditions of Carriage ("GCC"), which applies to all Air France tickets. (Dkt. No. 20 at 22, Ex. A (GCC art. 2.1(a)).) Plaintiff does not dispute the authenticity of the GCC or that it applies to his ticket purchase.[3] The GCC states that tickets are generally valid for up to one year and "[a]ll

---

[3] The Court may take judicial notice of facts that are not subject to reasonable dispute. Fed. R. Evid. 201(b). Courts may also incorporate documents by reference: "a district court ruling on a

3

liability actions must be filed, under penalty of forfeiture, within two years from the arrival at destination, or from the date on which the aircraft was scheduled to arrive or from the end of the carriage." (*Id.*, Ex. A (GCC arts. 3.2(a) & 20.2).) Because Plaintiff's ticket was valid for up to one year, the latest date that Plaintiff could have flown is June 30, 2015. Thus, the two-year window closed no later than June 30, 2017. Plaintiff filed the complaint on March 2, 2018, nearly a year after the expired term. Therefore, any claims arising out the ticket purchase in 2014 are time-barred.

Notwithstanding that Plaintiff's claims appear time-barred on their face, Plaintiff argues that the motion to dismiss must be denied because (1) the court may not consider a statute of limitations defense on a Rule 12(b)(6) motion to dismiss, and (2) the two-year claim limitation in the GCC is unreasonable and therefore unenforceable. The Court is not persuaded.

*i) The Court may consider statute of limitations defenses on a motion to dismiss.*

Plaintiff does not dispute that his claims were filed after the two years set forth in the GCC; instead, he cites *Robinson v. Johnson*, 313 F.3d 128, 135 (3rd Cir. 2002), for the proposition that only the specific defenses listed in Federal Rules of Civil Procedure 12(b) may be raised on a motion to dismiss; since statute of limitations is not a listed defense it may not be raised on a 12(b) motion. *Robinson*, however, holds no such thing; instead, the court held that a statute of "limitations defense [may] be raised by a motion under Rule 12(b)(6), but only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Id.* The Ninth Circuit has similarly held that "[i]f the running of the statute [of limitations] is apparent on the face of the complaint, the defense may be raised by a motion to dismiss." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). As explained above, the complaint's allegations, coupled with matters of which the Court may take judicial notice,

---

motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998). "[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss. Such consideration does not convert the motion to dismiss into a motion for summary judgment." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (internal quotation marks and citations omitted), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

4

establish that the claims were all filed beyond the GCC's two-year limitation period. The motion to dismiss is the appropriate procedural vehicle to challenge the timeliness of the claims.

*ii) The GCC two-year limitation provision is applicable and enforceable for all claims.*

Plaintiff next argues that even if Defendants may challenge timeliness on a motion to dismiss, the GCC's limitation provision is unenforceable.

Under California law, claims based on a written contract must be brought within four years, and claims based on an oral contract must be brought within two years. Cal. Civ. Proc. Code §§ 337 & 339. A claim based on "fraud or mistake," such as a restitution claim alleging that basis, must be brought within three years. Cal. Civ. Proc. Code § 338(d). However, "in the absence of a controlling statute to the contrary, a provision in a contract may validly limit, between the parties, the time for bringing an action on such contract to a period less than that prescribed in the general statute of limitations, provided that the shorter period itself shall be a reasonable period." *Order of United Commercial Travelers of Am. v. Wolfe*, 331 U.S. 586, 608 (1947). Under California law, a contractual limitation must "violate[] no principle of public policy, [and] provide[ that] the period fixed be not so unreasonable as to show imposition or undue advantage in some way." *Beeson v. Schloss*, 183 Cal. 618, 622 (1920). California applies a two part test to determine enforceability of such limitations: (1) whether it is procedurally unconscionable, looking to factors of oppression and surprise; and (2) whether it is substantively unconscionable, evaluating whether there is a "lack of mutuality." *Soltani v. Western & Southern Life Ins. Co.*, 258 F.3d 1038, 1042-43 (9th Cir. 2001) (internal quotation marks and citations omitted) (holding that a six-month contractual limitation was not unconscionable when similar statutes imposed the same limitation). Both types of unconscionability must be present to find that a contract provision is unenforceable, and even a contract of adhesion must be "so one-sided as to *shock the conscience*." *Id.* at 1043 (emphasis in original).

Plaintiff argues that the GCC's two-year window is procedurally unconscionable because it was unilaterally imposed, and that it is substantively unconscionable because of its harsh and one-sided nature. In the alternative, the Plaintiff argues that discovery will demonstrate unconscionability by establishing the relationship between the parties and their respective

5

bargaining positions. Plaintiff's argument is unpersuasive. Even assuming procedural unconscionability, the two-year limitation is not substantively unconscionable. It is the same limitation as applies to oral contracts. *See* Cal. Civ. Code Proc. § 339. Plaintiff does not explain how a limitation that is the same as for breach of oral contracts "shocks the conscience." It does not. Further, while the two-year limitation is half the statutory period for written contracts, the practical period is actually up to three years because, under the GCC, the tickets are valid for up to one year from the purchase and the limitation period does not begin to run until the ticket is used.

Plaintiff's reliance on *Circuit City Stores, Inc. v. Adams*, 279 F.3d 889 (9th Cir. 2002), is misplaced. In *Adams*, the Ninth Circuit, applying California law, held an arbitration agreement substantively unconscionable because, among other things, it imposed a one-year limitation period that violated the California doctrine that encouraged equitable tolling for ongoing violations of the California Fair Employment and Housing Act. *Adams*, 279 F.3d at 895. Plaintiff does not point to any similar public policy for breach of contract or unjust enrichment claims that is violated by imposing a two-year limitation period. The contractual limitation is neither unconscionable nor unreasonable as a matter of law.

\* \* \*

Given the GCC's two-year limitation, the latest date that Plaintiff could have brought his claims is June 2017. Because Plaintiff did not file the complaint until March 2, 2018, all of Plaintiff's claims are time-barred and must be dismissed.

## B. The Unjust Enrichment Claim is Pre-Empted by the ADA.

Plaintiff does not dispute that the GCC's limitation period applies to the unjust enrichment claim in addition to the contract claims. Nonetheless, to the extent Plaintiff somehow contends that the GCC's limitation does not apply to the unjust enrichment claim since it is not premised on the GCC, the unjust enrichment claim fails for an additional reason: it is preempted by the ADA.

The ADA provides that "a State, political subdivision of a State, or political authority of at least 2 States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation under this subpart." 49 U.S.C. § 41713(b)(1). Although the Supreme Court has held that the

ADA pre-empts state regulation, the Court specifically held that "the ADA permits state-law-based court adjudication of routine breach-of-contract claims," but also "confines courts, in breach-of-contract actions, to the parties' bargain, with no enlargement or enhancement based on state laws or policies external to the agreement." *American Airlines, Inc. v. Wolens*, 513 U.S. 219, 232-33 (1995). The Court reasoned that "[t]he ADA . . . was designed to promote maximum reliance on competitive market forces. Market efficiency requires effective means to enforce private agreements." *Id.* at 230 (internal quotation marks and citations omitted). The dispositive question regarding pre-emption is whether the state common law claim "is based on a state-imposed obligation or simply one that the parties voluntarily undertook." *Northwest, Inc. v. Ginsberg*, 572 U.S. 273, 285 (2014).

Defendants insist that the unjust enrichment claim is pre-empted by the ADA because it inherently looks outside the four corners of the parties' agreement. The Court agrees. Under California law, a claim for unjust enrichment imposes a state-created obligation outside the parties' private agreement. "Whether termed unjust enrichment, quasi-contract, or quantum meruit, the equitable remedy of restitution when unjust enrichment has occurred is an obligation (not a true contract []) *created by the law without regard to the intention of the parties*, and is designed to restore the aggrieved party to his or her former position by return of the thing or its equivalent in money." *Federal Deposit Ins. Corp. v. Dintino*, 167 Cal. App. 4th 333, 346 (4th Dist. 2008) (internal quotation marks and citations omitted) (emphasis added); *see also id.* ("Quasi-contracts, unlike true contracts, are not based on the apparent intention of the parties to undertake the performances in question, nor are they promises. They are obligations created by law for reasons of justice.") (internal quotation marks and citation omitted). A common law claim that disregards the intent of the parties results in an "enlargement or enhancement based on state laws or policies external to the agreement." *Wolens*, 513 U.S. at 233; *see also Brown v. United Airlines, Inc.*, 720 F.3d 60, 70 (1st Cir. 2013) (reasoning that unjust enrichment does not fall within the *Wolens* exception to ADA preemption because it "turns on sources external to any agreement between the parties . . . and is predicated on the lack of any agreement." (internal quotation marks and citations omitted)).

7

Plaintiff's reliance on the Sixth Circuit's decision in *Solo v. United Parcel Service Co.*, 819 F.3d 788 (6th Cir. 2016), is misplaced. First, the *Solo* court was not applying California law. Second, *Solo* did not hold that the unjust enrichment claim was not preempted; instead, the court repeatedly stated that it was an issue for the trial court to address in the first instance. *Id.* at 798.

In sum, because any remedy for unjust enrichment would impose an obligation created by California law without considering the parties' bargain, the unjust enrichment claim is pre-empted by the ADA.

## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is GRANTED. Plaintiff does not oppose dismissal with prejudice of the claims for breach of self-imposed undertaking, breach of contract under federal common law, and breach of the covenant of good faith and fair dealing. And the face of the complaint, together with judicially noticeable documents, show that the remaining claims (breach of express contract, breach of implied contract, and unjust enrichment) are barred by the GCC's statute of limitations as a matter of law. The unjust enrichment claim fails for the additional reason that is pre-empted by the ADA. As no amendment could cure these defects, these claims are also dismissed with prejudice.

This Order disposes of Docket No. 20.

**IT IS SO ORDERED.**

Dated: October 4, 2018

JACQUELINE SCOTT CORLEY
United States Magistrate Judge